**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

EDWARD A.,

                            Plaintiff,

    - v -                                                 Civ. No. 5:19-CV-751
                                                                (DJS)

ANDREW SAUL, *Comm'r of Soc. Sec.*,[1]

                            Defendant.

**APPEARANCES:**                                             **OF COUNSEL:**

OLINSKY LAW GROUP                         HOWARD D. OLINSKY, ESQ.
Counsel for Plaintiff
250 South Clinton Street
1500 East Main Street
Endicott, New York  13761

U.S. SOCIAL SECURITY ADMIN.            LOUIS J. GEORGE, ESQ.
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER[2]

      In this Social Security action filed against the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff and Defendant have Moved for

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. The Clerk of Court is respectfully directed to amend the caption.

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 6 & General Order 18.

Judgment on the Pleadings. Dkt. Nos. 12 & 18. For the reasons set forth below, Plaintiff's Motion is **denied,** Defendant's Motion is **granted**, and the case is **dismissed**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on March 21, 1969. Dkt. No. 11, Admin. Tr. ("Tr."), p. 62. Plaintiff reported earning a college degree. Tr. at p. 39. He has past work experience as a pool cleaner, a manager, and a union representative. Tr. at p. 70. Plaintiff alleges disability due to high blood pressure, diabetes, high cholesterol, a healing broken femur, and depression/anxiety. Tr. at pp. 62-63.

### B. Procedural History

Plaintiff applied for disability insurance benefits in March 2016. Tr. at pp. 169-175. He alleged a disability onset date of April 7, 2015. Tr. at p. 169. Plaintiff's application was initially denied on June 17, 2016, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 73-77 & 85-86. Plaintiff appeared at a hearing before ALJ Kenneth Theurer on July 16, 2018 at which he and a vocational expert testified. Tr. at pp. 33-61. On August 3, 2018, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 16-24. On April 29, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2017. Tr. at p. 18. The ALJ next found Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date through his date last insured. *Id.* The ALJ found that through the date last insured, Plaintiff had the following severe impairment: a history of a femur fracture. *Id.* The ALJ further determined that Plaintiff had medically determinable though non-severe mental impairments. Tr. at p. 19. The ALJ determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. at p. 20. The ALJ concluded that through the date last insured Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations:

> He could not climb ladders/ropes/scaffolds, and he could only occasionally perform other postural activities. The claimant required the use of a cane to ambulate, but he retained the ability to carry small objects, such as a file ledger, in his free hand.

*Id.*

Next, the ALJ determined that through the date last insured, Plaintiff was able to perform past relevant work as a union representative. Tr. at p. 22. The ALJ also found that there was other work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 22-23. The ALJ, therefore, concluded that Plaintiff was not disabled with the meaning of the Social Security Act. Tr. at p. 24.

### D. The Parties' Positions

Plaintiff's Motion presents two issues for review. First, he alleges that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly weigh the opinion of Plaintiff's treating physician, Dkt. No. 12, Pl.'s Brief at pp. 7-8, and erred in not including non-exertional limitations. *Id.* at pp. 8-9. Second, he alleges that remand is required because the matter was adjudicated by an unconstitutionally appointed ALJ. *Id.* at pp. 9-13.

In response, Defendant argues that the ALJ properly evaluated the medical opinions and that the RFC is supported by substantial evidence in the record. Dkt. No. 18, Def.'s Mem. of Law at pp. 4-11. Defendant then maintains that the ALJ who adjudicated Plaintiff's disability claim was properly appointed. *Id.* at pp. 11-13.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord*

*Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§

404.1520 & 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

#### A. The ALJ'S RFC Determination

Plaintiff makes two objections to the ALJ's review of the record and RFC determination. First, he objects to the ALJ's alleged failure to weigh opinions from a treating physician. Pl.'s Mem. of Law at pp. 7-8. Second, he objects to the ALJ's failure

6

to include any non-exertional restrictions in the RFC. *Id.* at pp. 8-9. The Court finds no error with respect to either claim.

Plaintiff treated with Dr. Michael Wiese. *See* Tr. at pp. 414-419. He contends that the ALJ erred in not weighing opinions from Dr. Wiese about Plaintiff's fatigue while standing. Pl.'s Mem. of Law at p. 8 (citing Tr. at pp. 414 & 417). The ALJ is required to evaluate medical opinions in the record. 20 C.F.R. § 404.1527(c). The regulations define a medical opinion as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527 (a)(1); *see also Carrie Lynette M. v. Berryhill*, 2019 WL 2250641, at *5 (N.D.N.Y. May 24, 2019) (describing medical opinion as "a statement that reflects a physician's judgment about what a claimant remains able to do despite his impairments.").

Plaintiff cites to two statements in the medical treatment notes of Dr. Wiese that the ALJ failed to weigh. Tr. at pp. 414 (Plaintiff "fatigues after he has been on his feet for 2 hours or so") & 417 (Plaintiff "states he can be on his feet for about an hour and then will get very tired"). These statements, however, are clearly subjective reports from Plaintiff, not medical opinions from Dr. Wiese. They reflect no medical judgment about Plaintiff's condition and offer no opinion about Plaintiff's functional abilities. "There was therefore no medical opinion that the ALJ was required to weigh." *Carrie Lynette M. v. Berryhill*, 2019 WL 2250641, at *5; *see also Kelly D. v. Saul*, 2019 WL 6683542, at *3 (N.D.N.Y. Dec. 6, 2019) (statements in treatment notes do not constitute opinions

"without a statement from a physician tying that objective evidence to specific functional limitations.").

Plaintiff next objects that no non-exertional limitation was included in the RFC. Pl.'s Mem. of Law at pp. 8-9.  Plaintiff, however, does not identify any such limitation that he suggests should have been included in the RFC.  *Id.*  The ALJ found that Plaintiff suffered from the medically determinable, but non-severe impairments of adjustment disorder and alcohol use disorder.  Tr. at pp. 18-19.  Plaintiff has not challenged that conclusion here.  *See* Pl.'s Mem. of Law.  The ALJ gave "great weight" to the opinion of a consulting psychologist who found Plaintiff to have no or, at most, mild limitations on his ability to function.  Tr. at pp. 21 & 330.  Plaintiff also does not challenge the ALJ's weighing of that opinion.  *See* Pl.'s Mem. of Law.  The precise nature of Plaintiff's claim, therefore, is difficult to ascertain.  To the extent Plaintiff alleges that the ALJ failed to consider Plaintiff's non-severe impairments, *id.* at p. 8, the record demonstrates otherwise.  The ALJ specifically discussed the consulting psychologist's opinion.  Tr. at p. 21.  Insofar as Plaintiff is arguing that the RFC was erroneous, the Court disagrees. The medical opinion finding generally no limitations provides substantial evidence for not including any mental limitations in the RFC.  *Golden v. Colvin*, 2014 WL 4637081, at *4 (N.D.N.Y. Sept. 16, 2014).  While Plaintiff may disagree with the ALJ's assessment of the record evidence, it is not this Court's role to reweigh the evidence.  *Michael M. v. Saul*, 2019 WL 6611302, at *4 (N.D.N.Y. Dec. 5, 2019).

The ALJ's RFC determination, therefore, is affirmed.

## B. The Appointment of the ALJ

Plaintiff also objects that the ALJ was not constitutionally appointed which requires remand to a new ALJ. Pl.'s Mem. of Law at pp. 9-13. A number of legal issues regarding the appointment of ALJs have developed in light of the Supreme Court's recent decision in *Lucia v. Securities & Exchange Comm'n*, ___ U.S. ____, 138 S. Ct. 2044 (2018). *See generally Iris R. v. Saul*, 2020 WL 2475824, at *4 (N.D.N.Y. May 13, 2020) (discussing impact of *Lucia* on Social Security Act cases). Generally stated, the broad question presented following *Lucia* is the impact on cases where the presiding ALJs may not have been properly appointed. *See id.* at *4. This case presents a rather narrow and unique factual question. It appears that by happenstance, ALJ Theurer was properly appointed by Defendant the same day the administrative hearing was held in this case. Def.'s Mem. of Law at pp. 11-12; *see also* Soc. Sec. Ruling 19-1p; Titles II & Xvi: Effect of the Decision in Lucia v. Sec. & Exch. Comm'n (Sec) on Cases Pending at the Appeals Council, SSR 19-1P (S.S.A. Mar. 15, 2019), 2019 WL 1324866 (discussing July 16, 2018 appointment of ALJs). Plaintiff concedes this timing but appears to suggest that the ALJ may not have been properly appointed as of the precise time the hearing was held. Pl.'s Mem. of Law at pp. 11-12.

Several factors lead the Court to conclude that remand is not required here. First, while suggesting that the ALJ may not have been properly appointed as of the time of the hearing, Plaintiff has failed to establish as a factual matter that this is true. The record is simply unclear as to precisely when the appointments of ALJs were made that day. Nor is the Court inclined to engage in a minute by minute attempt to identify precisely when

9

such appointments were made. Defendant offers guidance from the Office of Personnel Management demonstrating that typically appointment actions for federal employees, though not specifically ALJs, take effect as of 12:01 a.m. the date of appointment. Def.'s Mem. of Law at pp. 12-13. The Court finds this directive highly instructive, particularly in the absence of any authority to the contrary.

SSR 19-1p is also instructive on the matter. It provides a mechanism for any Social Security claimant whose administrative decision was issued prior to July 16, 2018 to obtain reconsideration of their claim. 2019 WL 1324866, at *3. The Ruling does not make a similar accommodation for hearings held prior to that date. *Id.* Finally, the Court notes that the hearing itself is not a final adjudication of a Social Security claim. Here, the ALJ's decision came at a time when he had without question been validly appointed. "The Court is not persuaded by Plaintiff's broad assertion that a hearing held by an unauthorized ALJ would infect a subsequent decision signed after the ALJ's appointment had been ratified." *Patrick C. v. Saul*, 2020 WL 3035354, at *4 (W.D. Wash. June 4, 2020). Given that the hearing decision was rendered when the ALJ had been properly appointed, the Court finds no merit to Plaintiff's Appointments Clause claim. *Id.*

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Date: July 15, 2020
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge